IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No.: 1:22-cr-00355-JRR |
| JERELL SIMMS, | |
| *Defendant.* | |

MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant Jerell Simms's Motion for Compassionate Release (ECF No. 30; the "Motion").[1] The court has reviewed all papers.

I.   BACKGROUND

Simms is an inmate serving a 97-month sentence. (ECF No. 25 at p. 2.) Simms is currently housed at USP Hazelton. (ECF No. 30 at p. 1.) He has served approximately 39 months of his sentence; his projected release date is February 1, 2028.[2]

On or about December 15, 2021, the Drug Enforcement Agency ("DEA") executed a search warrant as part of an investigation of the Burton Drug Trafficking Organization ("DTO") that included Simms. (ECF No. 19 ¶ 9.) On the day the search warrant of a "stash house" was executed, Simms, along with others suspected of taking part in the DTO, was found at the stash house with large amounts of fentanyl, firearms, and ammunition. *Id.* ¶¶ 11–12.

On October 11, 2024, Simms was charged by information with one count of Possession with Intent to Distribute and Distribution of Fentanyl in violation of 21 U.S.C. § 841(a)(1) ("Count One"). (ECF No. 1.) He was later charged by a superseding information with the same count.

---

[1] The court will grant Simms' pending Motion to Seal at ECF No. 31, which seeks to seal his instant Motion and exhibits because they pertain to and contain personal health information of his brother.
[2] Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Apr. 1, 2025); *see United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017) (noting that courts "routinely take judicial notice of information contained on state and federal government websites").

(ECF No. 5.)  On December 7, 2022, Simms pled guilty to Count One of the Superseding Indictment.  (ECF No. 16.)  Pursuant to plea agreement entered under Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agreed to a sentence of 97 months.  (ECF No. 19 ¶ 3.)  On June 7, 2024, Simms filed the instant Motion for compassionate release relating to the needs of his brother with developmental/intellectual disabilities.  (ECF No. 30 at p. 3.)

## II.   LEGAL STANDARD

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed.'" 18 U.S.C. § 3582(c).  "However, Congress created an exception to that general rule when 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Brown*, 78 F.4th 122, 128 (4th Cir. 2023) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).  "For many years, district courts could reduce a term of imprisonment on that ground only 'upon motion of the Director of the Bureau of Prisons.'"  *United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A) (2002)).  "But in 2018, Congress passed the First Step Act, which 'permits incarcerated defendants to file motions for compassionate release directly with the district court, provided they have fully exhausted their administrative remedies.'"  *Brown*, 78 F.4th at 128 (quoting *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023)).

Section 3582(c)(1)(A), as amended by the First Step Act, provides in relevant part:

> (c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of

> imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Accordingly:

> In analyzing a motion for compassionate release, district courts must determine: (1) whether extraordinary and compelling reasons warrant such a reduction; and (2) that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582. Only after this analysis may the district court grant the motion if (3) the relevant 18 U.S.C. § 3553(a) factors, to the extent they are applicable, favor release.

*Malone*, 57 F.4th at 173.

Thus, even if the court concludes that such extraordinary and compelling circumstances exist, the court must consider the sentencing factors set forth at 18 U.S.C. § 3553(a). The section 3553(a) factors include: "(1) the nature of the offense and the defendant's characteristics; (2) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; (3) the kinds of sentences available and the applicable Guidelines range; (4) any pertinent Commission policy statements; (5) the need to avoid unwarranted sentence disparities; and (6) the need to provide restitution to victims." *United States v. Johnson*, No. CR ELH-99-352, 2023 WL 7130950, at *21 (D. Md. Oct. 27, 2023).

"A district court need not provide an exhaustive explanation analyzing every § 3553(a) factor." *United States v. Jenkins*, 22 F.4th 162, 170 (4th Cir. 2021). "Further, a district court is not required to address each of a defendant's arguments when it considers a motion for

compassionate release under § 3582(c)(1)." *Id.* In *Jenkins*, the Fourth Circuit explained:

> Although a district court is not required to address each of a defendant's arguments for a reduced sentence, just how much of an explanation is required depends upon the narrow circumstances of the particular case. *Chavez-Meza*, 138 S. Ct. at 1965 (affirming the district court's "barebones form order" denying defendant's request for a sentence modification under § 3582(c)(2)); *see also High*, 997 F.3d at 191 (applying *Chavez-Meza* to affirm the district court's denial of a § 3582(c)(1)(A) motion for compassionate release).
>
> In *Chavez-Meza*, the Supreme Court held:
>
>> In some cases, it may be sufficient for purposes of appellate review that the judge simply relied upon the record, while making clear that he or she has considered the parties' arguments and taken account of the § 3553(a) factors, among others. But in other cases, more explanation may be necessary (depending, perhaps, upon the legal arguments raised at sentencing).
>
> *Chavez-Meza*, 138 S. Ct. at 1965.
>
> In other words, there is no "categorical requirement" that a court acknowledge and address each of the defendant's arguments on the record. *Id.* at 1965. Instead, the relevant standard is whether the district court "set forth enough to satisfy [this] court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority, so as to allow for meaningful appellate review." *High*, 997 F.3d at 190 (quoting *Chavez-Meza*, 138 S. Ct. at 1965).

22 F.4th at 170–71.

### III.  ANALYSIS

Simms moves this court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) for "extraordinary and compelling reasons," specifically because, he is, he contends, the "only caregiver available" for his brother with severe developmental disabilities. (ECF No. 30 at pp. 1– 4.)

A. **Exhaustion of Administrative Remedies**

Because Simms was required to exhaust his administrative remedies prior to filing his Motion, the court first considers whether he has satisfied that requirement. Section 603(b) of the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to permit a defendant to file a motion for compassionate release after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Fourth Circuit has explained:

> [Section] 3582(c)(1)(A) "outlines two routes" for requesting compassionate release in the district court, "one of which does not require exhaustion of administrative remedies." *Muhammad*, 16 F.4th at 131. Specifically, the defendant may move for compassionate release "after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf *or* the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, *whichever is earlier*." 18 U.S.C. § 3582(c)(1)(A) (emphases supplied). Stated differently, "the threshold requirement" to file a compassionate release motion is "satisfied if a defendant requests the [BOP] to bring a motion on [his] behalf and *either* fully exhausts all administrative rights to appeal the [BOP]'s decision *or* waits 30 days from the date of [his] initial request." *Muhammad*, 16 F.4th at 131 (emphases in original). In short, the defendant is not required to exhaust his administrative remedies with the BOP *at all* beyond making the initial request for compassionate release. Therefore, we see no reason to limit his motion for compassionate release in the district court to only those grounds for compassionate release he identified in his request to the BOP.

*United States v. Ferguson*, 55 F.4th 262, 268 (4th Cir. 2022), *cert. denied,* 144 S. Ct. 1007 (2024) (emphasis in original) (footnote omitted).

In his Motion, Simms asserts he submitted his administrative request for compassionate release with the Warden of USP Hazelton on November 1, 2023. (ECF No. 30 at p. 3.) He further attaches his request to his Motion. (ECF No. 30-6.) More than thirty (30) days have passed since

5

his request was submitted. The court is satisfied that Simms exhausted his administrative remedies.

### B. Extraordinary and Compelling Reasons

Simms contends that he presents an extraordinary and compelling reason for compassionate release because he is the only suitable caregiver for his brother who was diagnosed with "mental retardation"[3] in 1993. (ECF No. 30 at p. 3.) Simms contends that he "has played a major role in [his brother's] life due to his debilitation [sic] developmental handicapping condition," including performing "daily caregiving duties for years to assist his brother on a daily basis." *Id.* at p. 3. Since his incarceration, Simms' mother has been caring for his brother/her son. *Id.* at p. 4. Simms avers that the day-to-day management of his brother's care is "overwhelming for his mother," and it is a "struggle" for her to provide him with the care he requires. *Id.* Simms' mother filed a letter to that same effect. (ECF No. 30-6 at p. 7.) As such, Simms claims he is the "only caregiver available." *Id.*

In general, "the district court enjoys broad discretion in conducting § 3582(c)(1)(A) analysis." *United States v. Jenkins*, 22 F.4th 162, 169 (4th Cir. 2021). Importantly, "[w]hen deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A), a district court may grant a reduction only if it is 'consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Taylor*, 820 F. App'x. 229, 230 (4th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). Relevant here is the Policy Statement codified at U.S.S.G. § 1B1.13, titled "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)" ("Policy Statement").

---

[3] The court quotes the Motion for accuracy. Throughout this opinion, however, the court uses the phrase "developmental disability" or "intellectual disability" in lieu of "mental retardation."

1. Family Circumstances

The Sentencing Commission has set forth several specific circumstances that constitute "extraordinary and compelling reasons" for compassionate release, including a defendant's family circumstances. U.S.S.G. 1B1.13(b)(3). Such circumstances include where a defendant's immediate family member, including a sibling, is incapacitated and the defendant is the only available caregiver. U.S.S.G. 1B1.13(b)(3)(D). Assuming, without deciding, that Simms' brother's developmental disability constitutes incapacitation, his family circumstances do not constitute an extraordinary and compelling circumstance warranting compassionate release because he has not demonstrated, and the court is not persuaded, that he is his brother's only available caregiver.

Simms' brother lives with his mother and she provides for his care. (ECF No. 30 at p. 4.) Simms' mother struggles to care for Simms' brother on her own. While the court appreciates the challenge this must pose to Simms' mother, and the related emotional strife for Simms, courts routinely deny motions for compassionate release where another caretaker exists but is "struggling to care" the person who is incapacitated. *United States v. Bryant*, 720 F. Supp. 3d 450, 457 (W.D. Va. 2024) (quoting *United States v. Lottier*, No. 7:16-CR-00030, 2022 WL 1522220 (W.D. Va. May 13, 2022). This court is not persuaded to depart from these cases.

By way of example, in *United States v. Wells*, this court concluded that the defendant's unfortunate family circumstances did not qualify as extraordinary and compelling reasons for compassionate release where Wells' sister was caring for his mother who suffered from significant health issues. No. CR SAG-16-0051, 2024 WL 3568594, at *2 (D. Md. July 29, 2024). The court reasoned: "While [the defendant] appropriately recognizes the significant burden placed on his sister in his absence, it is clear that [he] is not the only available caregiver . . . ." *Id.* In *United*

7

*States v. Downing*, that other available caregivers were "older" and had "other responsibilities" did not present extraordinary and compelling reasons to support compassionate release. No. CR ELH-20-0103, 2022 WL 1046359, at *13 (D. Md. Apr. 7, 2022). As the court explained, this is "not an uncommon situation." *Id.* at *13.

While the court appreciates the struggle that Simms' family faces, Simms does not present an extraordinary and compelling reason for compassionate release. Accordingly, the court need not reach the 18 U.S.C. § 3553(a) factors.

For the foregoing reasons, it is this 3rd day of April 2025,

**ORDERED** that the Motion (ECF No. 30) shall be, and is hereby, **DENIED**; and further it is

**ORDERED** that the Motion to Seal (ECF No. 31) shall be, and is hereby, **GRANTED**; and further it is

**ORDERED** that Madam Clerk shall transmit a copy of this Memorandum Opinion and Order to Simms.

/s/
Julie R. Rubin
United States District Judge